IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARLENE HEARD, LATOYA HORTON
and LETHIA POWELL, on behalf of
themselves and others similarly situated                                    PLAINTIFFS

vs.                                                        CASE NO.: 3:16cv14HTW-LRA

ANNA PURNA MAA OF CLINTON, INC.
d/b/a BEST WESTERN RIDGELAND INN;
ANIL PATEL, Individually; V.S. PATEL,
Individually, VIJAY PATEL, Individually and
BHANU VONONALI, Individually                                                DEFENDANTS

---

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(COLLECTIVE ACTION COMPLAINT)**

---

COME NOW the Plaintiffs, ARLENE HEARD, LATOYA and LETHIA POWELL, on behalf of themselves and others similarly situated (hereinafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, and files this Complaint against their former employer, Defendants, ANNA PURNA MAA OF CLINTON, INC. d/b/a BEST WESTERN RIDGELAND INN, a Mississipi Corporation (hereinafter "Best Western"), ANIL PATEL, Individually, V.S. PATEL, Individually, VIJAY PATEL, Individually, and BHANU VONOALI, Individually (hereinafter collectively referred to as "Defendants"), for unpaid minimum wage compensation, unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows::

**NATURE OF SUIT**

1.      The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive

1

work hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendants minimum wage, overtime compensation, liquidated damages, declaratory relief and reasonable attorney's fees and costs.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

4. This action is intended to include each and every non-exempt employee who worked for the Defendants at any time within the past three (3) years.

## JURISDICTION AND VENUE

5. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

7. Venue is proper in this Court because Plaintiffs worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, and the events giving rise to the claims asserted herein arose in a substantial part within the District.

8. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

9. At all times material hereto, Plaintiffs were employed by Defendants as non-exempt housekeepers.

10. Plaintiff performed housekeeping duties and related activities on behalf of Defendants while working in Hinds County, Mississippi.

13. Defendant, Anna Purna MAA of Clinton, Inc. d/b/a Best Western Ridgeland Inn (hereinafter "Best Western"), is a Mississippi corporation that operates and conducts business in Hinds County, Mississippi.

12. Upon information and belief, Defendant Anil Patel is a resident of Hinds County, Mississippi, who is director and president of Best Western, and who regularly exercised the authority to: (a) hire and fire employees of Best Western; (b) determine the work schedules for the employees of Best Western; and (c) control the finances and operations Best Western by virtue of having regularly exercised that authority on behalf of Best Western; therefore, Anil Patel is an employer as defined by 29 U.S.C. §201, *et seq*.

13. Upon information and belief, Defendant V.S. Patel is a resident of Hinds County, Mississippi, who is also director and president of Best Western, and who regularly exercised the authority to: (a) hire and fire employees of Best Western; (b) determine the work schedules for the

employees of Best Western; and (c) control the finances and operations Best Western by virtue of having regularly exercised that authority on behalf of Best Western; therefore, V.S. Patel is an employer as defined by 29 U.S.C. §201, *et seq.*

14. Upon information and belief, Defendant Vijay Patel is a resident of Hinds County, Mississippi, who is also director and president of Best Western, and who regularly exercised the authority to: (a) hire and fire employees of Best Western; (b) determine the work schedules for the employees of Best Western; and (c) control the finances and operations Best Western by virtue of having regularly exercised that authority on behalf of Best Western; therefore, Vijay Patel is an employer as defined by 29 U.S.C. §201, *et seq.*

15. Upon information and belief, Defendant Bhanu Vonoali is a resident of Hinds County, Mississippi, who is also director and president of Best Western, and who regularly exercised the authority to: (a) hire and fire employees of Best Western; (b) determine the work schedules for the employees of Best Western; and (c) control the finances and operations Best Western by virtue of having regularly exercised that authority on behalf of Best Western; therefore, Vijay Patel is an employer as defined by 29 U.S.C. §201, *et seq.*

16. At all material times hereto, Defendants jointly employed the same employees, in the same or similar role, simultaneously as one joint enterprise.

17. This action is intended to include each and every non-exempt employee who worked for the Defendants within the last three (3) years and who likewise were not paid overtime compensation at a rate of time and one-half their regular rate of pay for hours worked by them over forty (40) in a work week.

## COVERAGE

18.     At all material times hereto (2013 - 2016), Plaintiff was an "employee" within the meaning of the FLSA.

19.     At all material times hereto (2013 - 2016), Defendants were the "employer" of Plaintiffs within the meaning of the FLSA.

20.     At all material times hereto (2013 - 2016), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

21.     At all material times hereto (2013 - 2016), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

22.     At all material times hereto (2013 - 2016), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

23.     Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

24.     At all material times hereto (2013 - 2016), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

25.     At all material times hereto (2013 - 2016), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

        a.     Operated instrumentalities of commerce;

        b.     Transported goods in commerce;

        c.     Used channels of commerce;

        d.     Communicated across state lines; and/or

e.      Performed work essential to any of the preceding activities.

26.    At all material times hereto (2013 - 2016), the work performed by Plaintiff was directly essential to the business performed by Defendants.

27.    At all material times hereto (2013 - 2016), Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

28.    Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

29.    Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

30.    Defendants own and operate a hotel in Clinton, Mississippi.

31.    Defendants Anil Patel, V.S. Patel, Vijay Patel and Bhanu Vononali are joint owners and shareholders of Anna Purna MAA of Clinton, Inc., d/b/a Best Western Ridgeland Inn and were involved in the day-to-day business operations of Anna Purna MAA of Clinton, Inc., d/b/a Best Western Ridgeland during the time period subject to this Complaint.

32    Plaintiffs worked as a non-exempt "housekeeper" for the Defendants and performed related activities, such as cleaning guests' rooms, doing the laundry, etc.

33.    Plaintiffs were only paid a flat rate of $3.45 for each hotel room that they cleaned over the course of a two-week period of time. *See* Copies of Plaintiffs' Pay Stubs attached hereto as

Exhibit A.

34. Plaintiffs received no other compensation other than the piece rate above-referenced.

35. Each of the Plaintiffs worked in excess of forty (40) hours per week and typically worked between forty-nine (49) and fifty-six (56) hours per week for Defendants.

36. Plaintiffs were not paid the full federal minimum wage for all hours worked during one or more workweeks.

37. Plaintiffs were not paid time and one-half compensation for all of the overtime hours she worked during one or more workweeks.

38. Defendants implemented and maintained a pay scheme in violation of the FLSA in that they failed to ensure that its employees were being paid the requisite minimum wage for all hours worked, the failed to compensate Plaintiffs anything for hours worked over forty (40) in a given week and they failed to record and maintain Plaintiffs' actual work hours.

39. Furthermore, Defendants acts were willful in nature as Plaintiffs made numerous complaints to Defendants about not being paid properly. Plaintiffs' complaints were ignored by Defendants and in some instances Plaintiffs' jobs were terminated by Defendants in response to a complaint.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiffs and the class members performed the same or similar job duties as one another in that they provided housekeeping and laundry services for Defendants.

41. Further, Plaintiffs and the class members were subjected to the same pay provisions in that they were only paid a piece rate for each room cleaned and were not compensated minimum wage for all hours work nor overtime pay calculated at a rate of at least

time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek during the time period they were employed; therefore, the class members are owed overtime wages for the same reasons as Plaintiffs.

42. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of ensuring that housekeepers are properly paid minimum and overtime wages worked in a workweek.

43. These policies or practices were applicable to each Plaintiff and the putative class members.

44. Application of these policies or practices does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.

45. Rather, the same policies or practices that resulted in the non-payment of minimum wage and overtime to Plaintiffs also applies to all class members.

46 Accordingly, the class members are properly defined as:

> **All housekeepers who worked for Defendants within the last three (3) years who were only paid on a piece rate basis and were not compensated the proper minimum wage for all hours worked in a given workweek or compensated the commensurate overtime rate of at least time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

47. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage and overtime compensation with respect to Plaintiff and the class members.

48. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

49. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at minimum wage or at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

50. Defendants have acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

**COUNT I - RECOVERY OF MINIMUM WAGES AGAINST ALL DEFENDANTS**

51. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-50 above.

52. Plaintiffs are entitled to be paid at least the minimum wage for all hours worked in a given workweek with Defendants.

53. During their employment with Defendants, Plaintiffs only received $3.45 for each room they serviced. Taking into account the total pay received by each Plaintiff divided by the actual hours worked in a given workweek, Plaintiffs' regular rate of pay fell well below the federal minimum wage.

54. Plaintiffs have demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for the same. As a result of Defendants' actions in this regard, Plaintiffs have not been paid proper the minimum wage for all hours worked during one or more weeks of her employment with Defendants.

55. Defendants willfully failed to pay Plaintiffs minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

56. As a direct and proximate result of Defendants' deliberate underpayment of wages,

Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

57. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION AGAINST ALL DEFENDANTS

58. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-50 above.

59. Plaintiffs are entitled to be paid at least time and one half her regular rate of pay for all hours worked over forty (40) hours within a workweek during their employment with Defendants.

60. Plaintiffs demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate them for the same.

61. As a result of Defendants' actions in this regard, Plaintiffs have not been paid the correct overtime wage for each hour worked during one or more weeks of employment with Defendants.

62. Specifically, Defendants only paid Plaintiffs a piece rate, regardless of the total number of hours worked in a given day, which resulted in Defendants' failure to properly compensate Plaintiffs at a rate of time and a half for all hours worked over forty (40) hours in a workweek (overtime hours).

63. Plaintiffs made several complaints about not being paid overtime at a rate of time

and one half; however, Defendants failed and/or refused to rectify the matter with Plaintiffs and also threatened or actually terminated of employment of Plaintiffs.

64. Defendants willfully failed to pay Plaintiffs correct overtime wages for one or more weeks of work contrary to 29 U.S.C. § 206.

65. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of overtime wages for one or more weeks of work with Defendants.

66. Plaintiffs demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

DATED, this 11th day of January, 2016.

Respectfully submitted,

ARLENE HEARD, LATOYA and LETHIA POWELL, on behalf of themselves and others similarly situated

Christopher W. Espy, Esq., MSB #102424
MORGAN & MORGAN, PLLC
188 E. Capitol Street, Suite 777
Jackson, MS 39201
Tel.: (601) 718-2087
Fax: (601) 718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFFS